UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANTHONY LENAIRE CURRY,

        Petitioner,

v.

ERIN REYES,

        Respondent.

Case No. 2:25-cv-00320-MTK

**OPINION AND ORDER**

KASUBHAI, District Judge.

    Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his state court convictions for Using a Child in a Display of Sexually Explicit Conduct. Respondent argues that Petitioner has not exhausted his claims before the Oregon courts and moves to dismiss the Petition on those grounds. The record reflects that Petitioner's judgment of conviction is currently on direct appeal, and Petitioner has not exhausted his available state court remedies. Accordingly, the Petition is dismissed, without prejudice.

**DISCUSSION**

    Petitioner was charged with seven counts of Using a Child in a Display of Sexually Explicit Conduct in Case No. C142231CR. After trial by jury, Petitioner was convicted on all counts and sentenced to serve a term of life imprisonment without the possibility of parole.

    Petitioner directly appealed his convictions and assigned error to the trial court's denial of a juror challenge raised under *Batson v. Kentucky*, 476 U.S. 79 (1986). In a written opinion,

**1 - OPINION AND ORDER**

the Oregon Court of Appeals found structural error arising from the denial of Petitioner's *Batson* challenge, and the court reversed and remanded the case for a new trial. *State v. Curry*, 298 Or. App. 377 (2019). Upon retrial, Petitioner was convicted on all counts, and on May 17, 2023, the trial court sentenced Petitioner to a term of life imprisonment without the possibility of parole. Petitioner appealed his convictions after remand, and his direct appeal remains pending. Respondent thus moves to dismiss the Petition, without prejudice, for lack of exhaustion.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). To exhaust federal habeas claims, a petitioner must present all federal claims to the State's highest court before seeking federal habeas relief. *Id.*; *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011) ("Exhaustion requires the petitioner to 'fairly present' his claims to the highest court of the state."). "A petitioner fully and fairly presents a claim to the state courts if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam) (internal citations omitted). A petitioner's failure to raise all federal claims before the state court and exhaust available state remedies may be excused only if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

The record makes clear that the convictions Petitioner challenges in this federal habeas action are currently on direct appeal in the Oregon courts. Further, in his appellate briefing before the Oregon Court of Appeals, Petitioner raises many of the same claims he alleges in this

2 - OPINION AND ORDER

action. *See* Resp't Reply, Att. G. Thus, Petitioner has not exhausted his available state court remedies. Despite this record, Petitioner argues that he exhausted his federal claims through a petition for post-conviction relief filed during the pendency of trial proceedings after remand. However, Petitioner fails to show that he fairly presented his clams to the Oregon Supreme Court in the correct forum and through the proper "vehicle." Further, the fact that Petitioner's convictions are currently on appeal belies his argument regarding exhaustion, as state court remedies remain available to him.

Accordingly, Petitioner's claims are unexhausted and barred from federal review.

## CONCLUSION

Respondent's Motion to Dismiss (ECF No. 10) is GRANTED and Petitioner's Motions for Summary Judgment and Declaratory Judgment (ECF Nos. 16, 20) are DENIED. The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED, and this action is DISMISSED, without prejudice.

IT IS SO ORDERED.

DATED this 25th day of August 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge

**3 - OPINION AND ORDER**